## SAMUEL M'CLALLEN *versus* ELIPHALET ADAMS.

Where the wife of the defendant, being afflicted with a dangerous disease, was carried by him to a distance from his residence and left under the care of the plaintiff as a surgeon, and after the lapse of some weeks the plaintiff performed an operation on her for the cure of the disease, soon after which she died, it was *held*, in an action by the plaintiff against the defendant to recover compensation for his services, that the performance of the operation was within the scope of the plaintiff's authority, if in his judgment it was necessary or expedient, and that it was not incumbent on him to prove, that it was necessary or proper under the circumstances, or that before he performed it he gave notice to the defendant, or that it would have been dangerous to the wife to wait until notice could be given to the defendant.

ASSUMPSIT on an account. One item was $ 30 for amputating the breast of the defendant's wife. The action was tried in the Common Pleas, before *Strong* J.

The defendant lived in Colerain, in the county of Franklin. The plaintiff lived in Nassau, in New York, a distance of sixty-five miles from Colerain. He had formerly lived in Colerain,

and was a surgeon of good reputation. The wife of the defendant had been afflicted with a scrofulous humor in her breast for about two years, which did not, however, prevent her from attending to her domestic duties in the family, and the defendant then carried her from Colerain to Nassau and put her under the care of the plaintiff as a surgeon. At that time the humor was not a cancer nor cancerous. After she had been at Nassau ten weeks, the plaintiff performed on her the operation of amputating her breast, and she died in about a week after. The defendant had no communication from the plaintiff, nor from the defendant's wife, from the time that he carried her to the plaintiff until a day or two before her death, when he went to the house of the plaintiff.

The counsel for the defendant contended, that the plaintiff was not entitled to recover for this item, because it was not proved that the service was performed at the request of the defendant.

The counsel for the plaintiff requested the judge to instruct the jury, that as the defendant put his wife under the care of the plaintiff as a surgeon, he impliedly requested him to do for her what he should think necessary and proper ; and as the wife must have assented to the operation, her assent was the assent of the husband, and therefore the defendant was liable to pay for this service.

The judge refused to give this instruction, and instructed the jury as follows : That as it did not appear that the wife had a cancer or cancerous humor when the defendant put her under the care of the plaintiff, the plaintiff was not authorized to perform the operation, so as to charge the defendant with payment, without proving to the reasonable satisfaction of the jury, that the operation was necessary and proper under the circumstances ; and proving further, that before he performed the operation, he gave notice to the defendant, or that it would have been dangerous to the wife to wait, before he performed the operation, till notice could be given to the defendant ; and as no evidence of this kind was given or offered, the jury would not be authorized to allow this item.

The jury found for the plaintiff, but did not include this item in their verdict.

To the refusal to give the instruction prayed for by the plaintiff, and to the instructions given to the jury, the plaintiff excepted.

*R. E. Newcomb* and *H. G. Newcomb*, in support of the exceptions, cited Bul. N. P. 26 ; Bac. Abr. *Action on the case, F*; *Slater* v. *Baker*, 2 Wils. 359 ; *Seare* v. *Prentice*, 8 East, 348 ; *Groenvelt's case*, 1 Ld. Raym. 214 ; *Russell* v. *Palmer*, 2 Wils. 325 ; *Pitt* v. *Yalden*, 4 Burr. 2060 ; *Dearborn* v. *Dearborn*, 15 Mass. R. 316 ; *Executors of Smedes* v. *Elmendorf*, 3 Johns. R. 185.

*Wells* and *Alvord*, for the defendant.

SHAW C. J.     The Court are of opinion, upon the facts appearing by the bill of exceptions, that the defendant, by placing his wife under the care of the plaintiff, whom he knew, at a distance from his own residence, for medical and surgical treatment, for a dangerous disease, impliedly requested him to do all such acts, and adopt such course of treatment and operations, as in his judgment would be most likely to effect her ultimate cure and recovery, with the assent of the wife, and therefore that the operation in question was within the scope of the authority given him.     They are also of opinion, that the assent of the wife, to the operation, was to be presumed from the circumstances.     Although it might have been an act of prudence in the plaintiff to give the defendant notice of the situation of the wife, and of his intention to perform a dangerous operation, yet we think he might safely trust to the judgment of the wife, to give her husband notice from time to time of her situation and intentions, and that it was not necessary, in point of law, for the plaintiff to give such notice, or have any new request, in order to enable him to recover a reasonable compensation for his services.     If the defendant intended to show, that the operation was unnecessary or improper, under the circumstances, or that it was unskilfully or carelessly performed, the burden of proof was on him.     The performance of this operation being within the scope of the plaintiff's authority, if in his judgment necessary or expedient, and that it was so, is to be presumed from the fact, it was not necessary for him to prove to the satisfaction of the jury, that it was necessary and proper, under the circumstances, or that before he

performed it he gave notice to the defendant, or that it would be dangerous to the wife to wait before he performed it, till notice could be given to the defendant.

The Court of Common Pleas, before which the cause was tried, having expressed an opinion and directed the jury, that these proofs were necessary to enable the plaintiff to recover a compensation for his professional services, this Court is of opinion, that that direction was wrong, that the exceptions be allowed, the verdict set aside, and a new trial had, and that the ᴄause be remitted to the Court of Common Pleas for trial.